CITY OF KANSAS CITY, to the Use of
Artie Copper, et al.,
Plaintiffs-Respondents,

v.

ST. PAUL FIRE AND MARINE INSUR-
ANCE COMPANY and L.E. Rupard,
d/b/a L.E. Rupard Construction Compa-
ny, Defendants-Appellants.

No. WD 33085.

Missouri Court of Appeals,
Western District.

Sept. 21, 1982.

David C. Ruyle, Kansas City, for defend-
ants-appellants.

Dennis G. Muller, Kansas City, for plain-
tiffs-respondents.

Before KENNEDY, P.J., and CLARK
and MANFORD, JJ.

KENNEDY, Presiding Judge.

The trial court held unconstitutional a
three-month limitation period for commenc-
ing suit upon bonds given by contractors in
connection with contracts with the city for
city improvements. The bonds are required
by Art. VIII, § 261, of the Kansas City
Charter to be given for the protection of
laborers, material men, and others who fur-
nish labor, materials and various services
for the contract project under contract with
the contractor. The same section requires
that suits upon such bonds be brought with-
in a three-month limitation period.

The charter provision in question, Art.
VIII, § 261, is very similar to the statutes
requiring such bonds, § 107.170 and § 522.-
300, RSMo 1978. The charter provision,
however, applies only to the City of Kansas
City, while the statutes apply to several
types of local government listed in the stat-
ute. Another difference—the critical one
here—is that the charter provision requires
suits on the bond to be commenced within
three months of the completion of the con-
tract and acceptance thereof by the city.
The statute, on the other hand, contains no
statute of limitations and so the ten-year

limitations period of § 516.110, RSMo 1978, would apply.

In the case now before us, defendant L.E. Rupard, d/b/a L.E. Rupard Construction Company, entered into a contract with the City of Kansas City for the construction of certain sanitary sewers. In connection therewith they filed their bond upon which defendant St. Paul Fire & Marine Insurance Company was surety.

The plaintiffs were employed on the project and they allege in these lawsuits that they are due certain sums from the contractor, who paid them at less than the required hourly rate. They brought suit on the bond against defendant Rupard and against the surety, St. Paul Fire & Marine, for the amounts alleged to be owing to them. The defendants agree the plaintiffs are entitled to certain stipulated amounts if their claims are not barred by the three-month limitation.

The defendants interpose as a defense the charter's three-month limitation provision. Plaintiffs counter that the limitation provision of the charter is unconstitutional as in violation of Art. III, § 40, of the Missouri Constitution, and also in violation of the due process and equal protection provisions of the Fourteenth Amendment and of Art. I, § 2, of the Missouri Constitution. The trial court agreed with the plaintiffs, and held that the limitation fixed by the city was unconstitutional as in violation of the above-cited constitutional prohibitions against local and special laws (Art. III, § 40, Mo. Const.), and in violation of the due process and equal protection provisions of the Fourteenth Amendment and of the Art. I, § 2, of the Missouri Constitution. Judgment was granted to the plaintiffs for the respective stipulated sums.

We affirm the judgment of the trial court, but we invalidate the three-month limitation period upon a different constitutional ground than that upon which the trial court based his holding. We do not consider whether the charter provision violates Article III, § 40, of the Missouri Constitution (prohibiting local and special laws), nor do we consider whether it violates the due process and equal protection provisions of the Fourteenth Amendment and of Art. I, § 2, of the Missouri Constitution.

■ We hold instead that the charter provision is unconstitutional and invalid as in violation of Art. VI, § 19, of the Missouri Constitution.[1] That provision requires the charter to be "consistent with and subject to the Constitution and laws of the state". Our Supreme Court in *State ex rel. Spink v. Kemp,* 365 Mo. 368, 283 S.W.2d 502, 514 (1955), said of this provision:

> Kansas City could only frame and adopt a charter "consistent with and subject to the constitution and laws of the state * * *." See what is now Art. VI, § 19, V.A.M.S. Constitution of Missouri. Its charter must not be out of harmony with the general laws of the state nor invade the province of general legislation or attempt to change the policy of the state as declared for the people at large, *Kansas City v. Marsh Oil Co.,* 140 Mo. 458, 41 S.W. 943, 945–947; nor may it be out of harmony or in conflict with the controlling law of the state, *State ex rel. Hawes v. Mason,* 153 Mo. 23, 35, 60, 54 S.W. 524, 526, 534.

We are not dealing here with a procedure founded solely upon a charter provision. If the charter provision were the matrix of the bond requirement, we might then have a different case. See *Barker v. Hannibal &*

---

1. The challenge based upon Art. VI, § 19, is raised for the first time in this court, in respondent's brief.

It is not extraordinary that we *affirm* the judgment of the trial court for different reasons than those assigned by him. *Guild Management Co. v. Oxenhandler,* 541 S.W.2d 687, 691 (Mo.App.1976); *Donelson v. Board of Zoning Adjustment,* 368 S.W.2d 728, 730 (Mo.App. 1963); *Jackson v. Merz,* 223 S.W.2d 136, 138–

139 (Mo.App.1949). This appellate prerogative extends even to the consideration of constitutional challenges to statutes and ordinances raised for the first time here. *State ex rel. State Building Commission v. Smith,* 336 Mo. 810, 81 S.W.2d 613, 614–615 (1935); *Kansas City Power and Light Co. v. Town of Carrollton,* 346 Mo. 802, 142 S.W.2d 849, 855 (1940); *State ex rel. McMonigle v. Spears,* 358 Mo. 23, 213 S.W.2d 210, 212 (Mo. banc 1948).

*St. Joseph R. Co.,* 91 Mo. 86, 14 S.W. 280, 281 (1886); *State ex rel. Research Medical Center v. Peters,* 631 S.W.2d 938, 941–942 (Mo.App.1982). But here the bond would be required by statute if it were not required by the charter provision.

We are persuaded that the three-month limitation provision of the Kansas City Charter is inconsistent with the state statute of limitations, which would allow a ten-year period for the commencement of a suit on the bond. The charter provision cannot stand. It is incongruous that all suits on contractors' bonds, required as a matter of state policy as expressed by state statutes, § 107.170 and § 522.300, supra, should come within the state statute of limitations, § 516.110, supra, save that claims upon bonds given in connection with Kansas City contracts are barred if not sued upon within 90 days. In *City of Waco v. Thralls,* 128 S.W.2d 462, 464 (Tex.Civ.App.1939), the court said:

> It has been held many times that any ordinance or charter provision of a Home Rule city that is contrary or inconsistent with any general law enacted by the Legislature is void. (Citations omitted.) Since the provisions in the city charter of the city of Waco requiring suits for personal injuries to be brought within six months after the injury is in conflict with the statute which fixes a period of two years as the limitation for such suits, the charter provision is void and unenforceable. . . .

See also *Galvan v. City of Brownsville,* 144 S.W.2d 966, 970 (Tex.Civ.App.1940), reversed on other grounds, *City of Brownsville v. Galvan,* 139 Tex. 128, 162 S.W.2d 98 (1942); 63 C.J.S. Municipal Corporations § 931 (1950).

█ It is true that the above-cited constitutional article was amended effective November 4, 1971. The amendment eliminated the language "consistent with and subject to the Constitution and laws of the state", quoted above from Art. VI, § 19, as it read before the amendment. The amendment adds § 19(a) which states:

Any city which adopts or has adopted a charter for its own government, shall have all powers which the General Assembly of the State of Missouri has authority to confer upon any city, provided such powers are consistent with the Constitution of this state and are not limited or denied either by the charter or adopted or by statute. Such a city shall, in addition to its home rule powers, have all powers conferred by law.

Whether the three-month limitation of the Kansas City Home Rule Charter would pass muster as being "not limited or denied . . . by statute" is a question we may pretermit. The provision is to be tested by the constitutional provision in effect at the time of the charter's adoption in 1925, not by a constitutional provision subsequently adopted. At the time of its adoption the charter provision was unconstitutional and void under then Article IX, Section 16, Missouri Constitution of 1875, which was written into the 1945 Constitution as Article VI, Section 19. The charter provision, unconstitutional when enacted, was not revived or validated by a later amendment to the Constitution. *State ex rel. Miller v. O'Malley,* 342 Mo. 641, 117 S.W.2d 319, 324 (1938); Annot., 171 A.L.R. 1070 (1947).

The appellants cite cases upholding the charter provision and a similar provision of the St. Louis charter, *Kansas City to the Use of Ingalls Stone Company v. New Amsterdam Casualty Co.,* 269 S.W. 693 (Mo. App.1925); *St. Louis ex rel. Glasco Electric Co. v. Dunham Construction Co.,* 138 S.W.2d 707 (Mo.App.1940); *City of St. Louis ex rel. Atlas Plumbing Supply Co. v. Aetna Casualty and Surety Co.,* 444 S.W.2d 513 (Mo. App.1969); *Stevens v. Kansas City,* 146 Mo. 460, 48 S.W. 658 (1898); *Brunn v. Kansas City,* 216 Mo. 108, 115 S.W. 446 (1909); *State ex rel. Kansas City v. Field,* 99 Mo. 352, 12 S.W. 802 (1889); *Meriwether v. Kansas City,* 305 Mo. 577, 259 S.W. 89 (1924). In none of such cases, however, was the constitutionality of the charter provision considered by the court. The challenges to the statutes in those cases were on general grounds of reasonableness.

The judgment of the trial court is affirmed.

All concur.