**William GATES, Appellant,**

**v.**

**CITY OF SPRINGFIELD, a Municipal Corporation, d/b/a City Utilities of Springfield, Missouri, Respondent.**

**No. 15185.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 19, 1988.

Rehearing Denied Feb. 10, 1988.

Carl S. Yendes, Lowther, Johnson, Lowther, Cully & Housley, Springfield, for appellant.

Turner White, III, Mark E. Gardner, Randell D. Wallace, Springfield, for respondent.

HOLSTEIN, Judge.

Appellant William Gates (Plaintiff) filed an action for damages against the respondent City of Springfield (the City) alleging that a city employee, while operating a city vehicle in the course and scope of his employment, negligently collided with a vehicle operated by the plaintiff, resulting in damage to plaintiff's vehicle. The date of the alleged collision was October 17, 1985. The petition was filed on April 17, 1986.

The City is a constitutional charter city pursuant to Mo. Const. art. VI, § 19. The City filed a motion to dismiss plaintiff's petition alleging that plaintiff had failed to comply with § 19.10 of the City's charter, which provides:

No action shall be maintained against the city for or on account of any injury growing out of alleged negligence of the

city unless notice shall first have been given in writing to the city manager within ninety days of the occurrence for which said damage is claimed, stating the place, time, character and circumstances of the injury, and that the person so injured will claim damages therefor from the city.

This motion was accompanied by an affidavit of the city manager stating, "(H)e did not receive, within ninety (90) days of the occurrence alleged in plaintiff's petition, any notice in writing stating the place, time, character and circumstances of the injury or stating that the injured party would claim damages from the City of Springfield ..." Pursuant to the motion, the trial court made a finding that plaintiff had failed to comply with the above-quoted requirements of the city charter and dismissed plaintiff's petition with prejudice. From the order of dismissal, plaintiff appeals.

In the trial court and on appeal, plaintiff has argued that the subject matter of the charter provision has been preempted by the legislature, citing § 82.210,[1] which provides:

No action shall be maintained against any city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.

Plaintiff insists that the charter provision is inconsistent with the statute and is thus invalid, citing Mo. Const. art. VI, § 19 (1945, repealed 1971), and *City of Kansas City v. St. Paul Fire & Marine*, 639 S.W. 2d 903 (Mo.App.1982).

The City argues that no conflict exists because the charter provision neither permits what the statute prohibits nor prohibits what the statute permits, citing *Cape Motor Lodge, Inc. v. City of Cape Girardeau*, 706 S.W.2d 208, 211 (Mo. banc 1986); and *Vest v. Kansas City*, 355 Mo. 1, 194 S.W.2d 38, 39 (1946). The City further asserts that even if a conflict exists, the present constitutional provisions grant a city charter the same status as legislative enactments, and the charter provisions, not being expressly limited by statute, should prevail.

■ The first question for our determination is whether a conflict exists between § 19.10 of the charter and the state statutes. None of the cases relied on by the parties is dispositive of the question. We find no Missouri cases addressing the specific question raised here. As a general principle, where a charter provision and statutes do not irreconcilably conflict, both stand. McQuillin, *Municipal Corporations*, § 21.31, at 237 (1980). Thus, it has been held that a charter provision which provides that all claims for damages against the city must be presented to the city council and filed with the clerk within six months after the time when such claims for damages accrue does not conflict with the general statute of limitations, which allows three years to bring such claims. *Scurry v. City of Seattle*, 8 Wash. 278, 36 P. 145 (1894). A different result has been reached when legislative enactments have established a general statutory scheme for presenting claims for injuries against municipalities. In such cases, it has been held that with respect to the subjects covered, the statutes occupy the entire field and, by implication, conflict with charter provisions imposing more onerous conditions affecting the filing of claims against the city. *Eastlick v. City of Los Angeles*, 29 Cal.2d 661, 177 P.2d 558, 562 (1947); Annotation, *Statute Respecting Presentation of Liability Claim Against Municipality as Affecting its Powers in that Field*, 170 A.L.R. 237, 238 (1947).

---

1.  Unless otherwise indicated, all references to     statutes are to RSMo 1986, V.A.M.S.

The legislature has enacted four separate statutes, each relating to cities of different classes, which require notice of claims against a city. See §§ 77.600 (applicable to third-class cities), 79.480 (applicable to fourth-class cities), 81.060 (applicable to special charter cities with a population of 500 to 3,000), and 82.210 (applicable to constitutional charter cities of 100,000 population). These statutes require notice of any claim arising out of the defective or unsafe condition of a city "bridge, boulevard, street, sidewalk or thoroughfare." Each of the statutes identifies the person upon whom the notice is to be served, the time period within which the notice must be served after the occurrence of an injury, and the information that must be included in the notice.

In contrast to the statutory scheme, the charter provision here in question requires serving the notice on a different official than required by statute, and it imposes the more onerous duty of giving notice in all cases of alleged negligence.

The City argues that § 82.210 does not expressly permit actions against the city, but prohibits certain actions being brought against cities. Thus, the City argues, the charter does not prohibit what the statute permits. This analysis assumes there is no express authority in the statutes permitting actions for negligence against cities. We reject such assumption. In addition to § 82.210, the common law has been adopted as the law of this state. § 1.010. Section 82.210 and the charter provision are in derogation of plaintiff's rights existing under the common law. *Jones v. City of Kansas City*, 643 S.W.2d 268, 270 (Mo.App. 1982). Also, the legislature has expressly waived sovereign immunity in suits where compensatory damages are sought for a city's negligent acts or omissions arising out of the operation of a motor vehicle. § 537.600.1(1). No genuine doubt can exist that the general law and policy of this state, as expressed in these statutes, permit actions against cities such as plaintiff filed here.

The effect of § 82.210 is to prescribe for both claimants and cities the kinds of claims which require notice and the conditions precedent to establishing such claims. Just as the statute places obstacles in the way of one having a claim against the city, it limits the obstacles a city may impose upon a claimant. A charter provision which would impede the fundamental right of a citizen to seek redress for injuries resulting from negligent conduct by the city is in direct and irreconcilable conflict with a statute which places similar, but less onerous, impediments on the citizen.

The second question is whether the charter or the statutory provision shall prevail. Springfield adopted the charter provision in question in 1953. At the time of the charter's adoption, Mo. Const. art. VI, § 19 provided as follows:

Any city having more than 10,000 inhabitants may frame and adopt a charter for its own government, consistent with and subject to the constitution and laws of the state....

In 1971, the state constitution was amended to provide:

Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution ... and are not limited or denied either by the charter so adopted or by statute. Mo. Const. art. VI, § 19(a).

The plaintiff argues that the pre–1971 constitutional provision controls the validity of the charter provision. The City argues the validity of the charter is determined under the 1971 amendment. There is support for plaintiff's position in *City of Kansas City v. St. Paul Fire & Marine, supra* at 905, which states:

The [charter] provision is to be tested by the constitutional provision in effect at the time of the charter's adoption ... not by a constitutional provision subsequently adopted ... The charter provision, unconstitutional when enacted, was not revived or validated by a later amendment to the constitution....

We need not decide which constitutional provision is applicable. Under construc-

tions of the earlier constitutional provision, home rule charter cities could not adopt charter provisions out of harmony or inconsistent with the general law of the state. *City of Joplin v. Industrial Commission of Missouri*, 329 S.W.2d 687, 693 (Mo. banc 1959); *State ex rel. Spink v. Kemp*, 365 Mo. 368, 283 S.W.2d 502, 514 (banc 1955). Under the current constitutional provision, powers which are limited or denied by statute are not among the powers granted to cities. The circumstances under which notice of claims is required as a condition precedent to bringing an action for negligence against constitutional charter cities of one hundred thousand population have been limited by statute. A charter provision expanding such circumstances or imposing different conditions precedent exceeds the statutory limit. See *Mager v. City of St. Louis*, 699 S.W.2d 68, 72 (Mo. App.1985). Under either constitutional provision, § 19.10 of the charter is void.

We reverse and remand to the trial court for further proceedings consistent with this opinion.

CROW, C.J., and GREENE, P.J., concur.