Barbara S. HEATER and Henry S. Heater, Plaintiffs–Appellants,

v.

Evelyn BURT and City of Florissant, Defendants–Respondents.

No. 70520.

Supreme Court of Missouri, En Banc.

April 18, 1989.

**128** ◼ 

Bernard P. McDonnell, Clayton, for plaintiffs-appellants.

Eugene K. Buckley, Marcia A. Goldsmith, St. Louis, for defendants-respondents.

Ronald R. Holliger, Kansas City, for amicus curiae Missouri Ass'n of Trial Attys.

HIGGINS, Judge.

Barbara Heater filed this suit to recover damages sustained as a result of falling on the sidewalk in front of Evelyn Burt's home in Florissant, Missouri. Henry Heater, her husband, claims damages for loss of consortium. The amended petition alleges the City's sidewalk was in a dangerous condition due, among other reasons, to unevenness of the slabs forming the sidewalk; and that the dangerous condition caused Barbara to fall resulting in a broken wrist and other physical and emotional trauma. They also alleged the City breached its duty to repair the dangerous condition. The City answered, raising as an affirmative defense the plaintiffs' failure to notify the Mayor of the claim within 90 days of the occurrence as required by the City's charter. Subsequently the City moved for and was granted summary judgment on this ground.

The Heaters appealed the summary judgment contending that the charter provision (1) violates Mo. Const. art. VI, § 19; (2) violates due process and equal protection; and, (3) violates Mo. Const. art. III, § 40. The Court of Appeals, Eastern District, held the charter provision constitutional under existing law and transferred the case to this Court pursuant to Rule 83.02 for reexamination of existing law.

This Court holds that the 90–day notice-of-claim charter provision violates Mo. Const. art VI, § 19, and the summary judgment is reversed and remanded.

The question is whether the acknowledged failure to comply with charter provision section 14.8 bars this action. The provision provides:

> No action shall be maintained against the city for or on account of an injury growing out of alleged negligence of the city unless notice shall first have been given ... within ninety (90) days of the occurrence for which said damage is claimed, and it shall state the place, time, character and circumstances of the injury and that the person so injured will claim damages therefor from the city.

Florissant, Mo., Code XIV, § 14.8 (1986).

The Heaters argue that Mo. Const. art. VI, section 19, is violated by the City's 90–day notice-of-claim provision because it is inconsistent with section 516.120, RSMo 1986, the 5–year statute of limitations otherwise applicable to their actions.

At the time Florissant adopted its charter in 1963, Mo. Const. art. VI, § 19 provided:

> Any city having more than 10,000 inhabitants may frame and adopt a charter for its own government, consistent with and subject to the constitution and laws of the state....

In 1971, the state constitution was amended in pertinent part to provide:

> Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution ... and are not limited or denied either by the charter so adopted or by statute....

Mo. Const. art. VI, §§ 19, 19(a).[1]

 The former version governs the validity of Florissant's notice-of-claim charter provision. "The [charter] provision is to be tested by the constitutional provision

---

1. The City of Florissant concedes: "This language, however, is not the language that should be applied to the case at bar. A city ordinance is to be tested by the constitutional provision in effect at the time of the charter's adoption. *City of Kansas City v. St. Paul Fire & Marine,* 639 S.W.2d 903 (Mo.App.1982)." Respondent's brief, p. 10.

in effect at the time of the charter's adoption ... not by a constitutional provision subsequently adopted." *Gates v. City of Springfield,* 744 S.W.2d 487, 489 (Mo.App. 1988); *City of Kansas City v. St. Paul Fire & Marine Ins. Co.,* 639 S.W.2d 903, 905 (Mo.App.1982).

"Under constructions of the earlier constitutional provision, home rule charter cities could not adopt charter provisions out of harmony or inconsistent with general law of the state." *Gates* at 489–90. Charter provisions inconsistent with state law are void. *St. Paul Fire & Marine Ins. Co.* at 904; *Grant v. City of Kansas City,* 431 S.W.2d 89 (Mo. banc 1968). The common law has been adopted as the law of this state. § 1.010, RSMo 1986. The charter provision is in derogation of the Heaters' rights existing under common law. *Jones v. City of Kansas City,* 643 S.W.2d 268, 270 (Mo.App.1982). Also, the legislature has expressly waived sovereign immunity in suits where compensatory damages are sought for a city's negligent creation or maintenance of a dangerous property condition. § 537.600.1(2), RSMo 1986. "No genuine doubt can exist that the general law and policy of this state, as expressed in these statutes, permit actions against cities such as the plaintiff[s] filed here." *Gates* at 489.

"The legislature has enacted four separate statutes, each relating to cities of different classes, which require notice of claims against a city. *See* §§ 77.600 (applicable to third-class cities), 79.480 (applicable to fourth-class cities), 81.060 (applicable to special charter cities with a population of 500 to 3000), and 82.210 (applicable to constitutional charter cities of 100,000 population). These statutes require notice of any claim arising out of the defective or unsafe condition of a city 'bridge, boulevard, street, sidewalk or thoroughfare.' Each of the statutes identifies the person upon whom the notice is to be served, the time period within which the notice must be served after the occurrence of an injury, and the information that must be included in the notice." *Gates,* 744 S.W.2d at 489.

These statutes do not apply to Florissant, however, because it is a constitutional charter city with a population of 55,721 (1980 census). The only statute placing a time limitation on bringing a cause of action against Florissant is the 5–year statute of limitations. § 516.120, RSMo 1986. "A charter provision which would impede the fundamental right of a citizen to seek redress for injuries resulting from the negligent conduct by the city is in direct and irreconcilable conflict with a statute which places similar, but less onerous, impediments on the citizen." *Gates* at 489. The charter provision places a condition precedent for bringing an action of negligence which was not present at common law and not consistent with the statute of limitations. Therefore, the charter provision violates Mo. Const. art. VI, § 19.

In *St. Paul Fire & Marine Ins. Co.* the court held unconstitutional a charter provision which required that suits upon bonds given by contractors in connection with contracts with the city for city improvements to be brought within a 3–month limitations period. The charter provision was unconstitutional because it was inconsistent with the state statute of limitations allowing 10 years for commencement of suits on a bond. Mo. Const. art. VI, § 19; § 516.110, RSMo 1986. In support of its holding the court in *St. Paul Fire & Marine Ins. Co.* cites *City of Waco v. Thralls,* 128 S.W.2d 462, 464 (Tex.Civ.App.1939). In *Thralls* the court said:

> It has been held many times that any ordinance or charter provision of a Home Rule city that is contrary to or inconsistent with any general law enacted by the Legislature is void. [Citations omitted.] Since the provisions in the city charter of the city of Waco requiring suits for personal injuries to be brought within six months after the injury is in conflict with the statute which fixes a period of two years as the limitation for such suits, the charter provision is void and unenforceable.

The City of Florissant contends there is a distinction between the notice-of-claim provision and the statute of limitations, a contention rejected by this Court in *Schumer*

*v. City of Perryville,* 667 S.W.2d 414 (Mo. banc 1984). The effect on the injured parties is the same whether their claim is denied by the statute of limitations or a notice-of-claim provision.

In conclusion, this Court holds that Florissant's notice-of-claim charter provision is inconsistent with state law and therefore violates Mo. Const. art. VI, § 19. Having so held, this Court does not reach whether the charter provision violates equal protection, due process or Mo. Const. art. III, § 40 (prohibition of local or special laws).

The summary judgment in favor of the City of Florissant is reversed and the cause is remanded for further proceedings consistent with this opinion.

BILLINGS, C.J., and ROBERTSON, RENDLEN and COVINGTON, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

WELLIVER, J., dissents in separate opinion filed.

BLACKMAR, Judge, concurring.

At the time the charter provision in question was adopted there were statutes containing similar provisions, but these did not apply to cities in the class of the defendant municipality. I agree, then, that the provision was contrary to the governing statute of limitations, § 516.120, RSMo 1986. The statutory provisions for other municipalities are still in effect, and so the legislature presumably intends that this city and others in the same bracket not have the authority to enact charter provisions or ordinances which have the effect of shortening the general statute of limitations. This circumstance, and the matter set out in Footnote 1 to the principal opinion, are sufficient to decide the case. I therefore concur.

WELLIVER, Judge, dissenting.

I respectfully dissent. The General Assembly has enacted four notice of injury statutes involving four different classes of cities. Section 77.600, RSMo 1986, (third class cities), § 79.480, RSMo 1986, (fourth class cities), § 81.060, RSMo 1986, (special charter cities with a population of 500 to 3000), and § 82.210, RSMo 1986, (constitutional charter cities with a population of 100,000 or more). Each statute requires notice of claims against the applicable city. I am unable to perceive how the city of Florissant's Charter provision is so violative of state law under Mo. Const. art. VI, § 19. Never before have any of the above statutes been held to be in conflict with the general statute of limitations. § 516.120, RSMo. 1986; *Randolph v. City of Springfield,* 302 Mo. 33, 257 S.W. 449 (1923). Is the holding of the principal opinion that if a city charter requires notice of injury, it conflicts with § 516.120, but if the legislature passes such statutes, they do not conflict, or, is the result, as I believe it to be, that all cities in the future be deprived of the protection of the notice statutes. See *Schumer v. City of Perryville,* 667 S.W.2d 414, 416 n. 3, suggesting such statutes to be violative of equal protection.

It appears to me that holding, as the majority here does, that this charter provision conflicts with the general statute of limitations, rather than here discussing equal protection, attempts to make the ultimate result more palatable taken a "spoonful at a time". *Lippard v. Houdaille Industries, Inc.,* 715 S.W.2d 491, 505 (Mo. banc 1986) (Welliver, J. dissenting).

The trial court should be affirmed.