IT IS THEREFORE ORDERED that defendants' motion to dismiss is GRANTED.

---

### David L. LAZENBY and Carol Lazenby, Plaintiffs,

v.

### George W. PFAFFINGER and the City of Cape Girardeau, Cape Girardeau County, Mo., Defendants.

### No. S89–68C(5).

United States District Court,
E.D. Missouri,
Southeastern Division.

July 13, 1989.

Gerald Johnson, Cape Girardeau, Mo., John Paul Womick, Carbondale, Ill., for plaintiffs.

A.M. Spradling, III, Richard G. Steele, Cape Girardeau, Mo., for defendants.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

This cause is before the Court on a motion to dismiss filed by defendant City of Cape Girardeau. The city contends plaintiffs failed to give notice of their claim to the city as required by § 11.04 of the city charter. Plaintiffs have not responded to the city's motion.

This action arises out of an automobile accident that allegedly occurred on December 19, 1987. Plaintiffs David and Carol Lazenby allege in this four-count civil action that Carol Lazenby sustained personal injuries when an automobile driven by defendant George Pfaffinger struck the vehicle in which she was a passenger. Plaintiffs contend that Pfaffinger was negligent because he failed to stop at a stop sign, thereby causing the collision that resulted in Carol Lazenby's injuries. Plaintiffs also allege that the city was negligent because the stop sign was bent and twisted from a prior automobile accident and a flashing red light at the intersection was malfunctioning and not working.

The City of Cape Girardeau adopted its home rule charter in a special election on November 3, 1981. Section 11.04 of the charter provides:

> No action shall be maintained against the city for or on account of any injury growing out of alleged negligence of the city unless notice shall first have been given in writing to the city manager within ninety (90) days of the occurrence for which said damage is claimed, stating the place, time, character and circumstances of the injury, and that the person so injured will claim damages therefor from the city.

Included with defendant's motion to dismiss is an affidavit from the city manager that no notice was given by David or Carol Lazenby of the accident or any injuries

resulting from the accident. The question, therefore, is whether the failure to comply with § 11.04 of the charter bars this action.

Prior to 1971, Mo. Const. Art. VI, § 19 provided in pertinent part:

> Any city having more than 10,000 inhabitants may frame and adopt a charter for its own government, consistent with and subject to the constitution and laws of the state . . .

In 1971, the Missouri constitution was amended and section 19(a) was added to Article VI. Because Cape Girardeau's charter was enacted after 1971, the powers conferred upon the city must be construed in light of § 19(a), which provides:

> Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted or by statute. Such a city shall, in addition to its home rule powers, have all powers conferred by law.

Article VI, § 19(a) grants to a constitutional charter city all of the power which the legislature could grant. *St. Louis Children's Hospital v. Conway*, 582 S.W. 2d 687, 690 (Mo. banc 1979). Under § 19(a), a constitutional charter city is prohibited from exercising its home rule power in a manner that is inconsistent with a state statute. *State ex rel. Christ v. City of St. Charles*, 676 S.W.2d 508, 513 (Mo. banc 1984). The test for determining if a conflict exists is whether the charter provision "permits what the statute prohibits" or "prohibits what the statute permits." *Cape Motor Lodge, Inc. v. City of Cape Girardeau*, 706 S.W.2d 208, 211 (Mo. banc 1986); *Page Western, Inc. v. Community Fire Protection District*, 636 S.W.2d 65, 67 (Mo. banc 1982). Therefore, the Court must determine whether § 11.04 of Cape Girardeau's charter is in conflict with any state statute.

A notice requirement similar to that contained in the Cape Girardeau City Charter was considered recently by the Missouri Supreme Court in *Heater v. Burt*, 769 S.W. 2d 127 (Mo. banc 1989). In that case, the court examined the City of Florissant's 90–day notice requirement for claims arising out of alleged negligence by the city. Because Florissant adopted its charter in 1963, the court construed the charter provision in light of the pre–1971 amendment to Art. VI, § 19. Nevertheless, the issue before the Missouri Supreme Court was identical to the question presented here— whether the City of Florissant's 90–day notice requirement was inconsistent with R.S.Mo. § 516.120, the 5–year statute of limitations for personal injury actions.

The court held the charter provision unconstitutional because it "places a condition precedent for bringing an action of negligence which was not present at common law and not consistent with the statute of limitations." *Heater*, 769 S.W.2d at 129. Justice Charles Blackmar, concurring in the result reached by the *Heater* majority, opined that "the legislature presumably intends that this city and others in the same bracket not have the authority to enact charter provisions or ordinances which have the effect of shortening the general statute of limitations." *Id.* at 130 (Blackmar, J., concurring).

The Court agrees with Justice Blackmar's analysis and finds that § 11.04 of the Cape Girardeau City Charter is inconsistent with R.S.Mo. § 516.120. A different ruling is not mandated simply because the charter is construed in light of post–1971 Art. VI, § 19(a) rather than pre–1971 Art. VI, § 19. To hold otherwise would lead to the anomalous situation in which cities that adopted home rule after 1971 could require notice of negligence claims within 90 days while cities that adopted home rule prior to 1971 could not. The Court does not believe the legislature intended that result.

Accordingly,

IT IS HEREBY ORDERED that the City of Cape Girardeau's motion to dismiss is DENIED.