Ted WHITAKER, Elizabeth Whitaker, Bill Whitaker, Rocky Crouch, Treasa Crouch, Larry Crouch, and Patti Crouch, Plaintiffs–Respondents,

v.

CITY OF SPRINGFIELD, Missouri, Defendant–Appellant.

No. 18987.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 13, 1994.

Motion for Rehearing or Transfer to Supreme Court Denied
Dec. 21, 1994.

Application to Transfer Denied
Jan. 24, 1995.

Nancy K. Yendes, Asst. City Atty., Springfield, for defendant-appellant.

James A. Burt, Strong & Associates, P.C., Springfield, for plaintiffs-respondents.

PER CURIAM:

The City of Springfield (the "City") appeals from a summary judgment entered in favor of Respondents (Plaintiffs) in their declaratory judgment suit. In that suit, Plaintiffs alleged that their rezoning request was improperly denied by the application of § 11.18 of the Springfield City Charter concerning protests to proposed zoning changes because it was inconsistent with § 89.060 [1] and therefore violative of Art. VI, § 19(a) of the Missouri Constitution.

Prior to 1988, § 89.060 authorized a protest against a proposed zoning change by the owners of 10% or more of the land included in the area to be changed or within 185 feet from its boundaries (hereafter referred to as "qualifying land" or "qualifying property"), in which event approval of the zoning change required a vote of three-fourths of the members of the legislative body of a city. Until 1988, Springfield, which has a charter form of government, had no charter provisions concerning protest petitions, and its zoning code contained the same provisions as § 89.060.

In 1988, § 89.060 was amended to read as follows:

> Such regulations, restrictions, and boundaries may from time to time be amended, supplemented, changed, modified or repealed. In case, however, of a protest against such change duly signed and acknowledged by the owners of *thirty percent or more*, either of the areas of the land (exclusive of streets and alleys) included in such proposed change or within an area determined by lines drawn parallel to and one hundred and eighty-five feet distant from the boundaries of the district proposed to be changed, such amendment shall not become effective except by the favorable vote of *two-thirds* of all the members of the legislative body of such municipality. The provisions of section 89.050 relative to public hearing and official notice shall apply equally to all changes or amendments. (Emphasis added.)

By reason of § 89.010, § 89.060 is applicable to "all cities, towns and villages in this state."

Springfield then adopted an ordinance containing essentially the same provisions as the 1988 version of § 89.060. Within a few months, however, Springfield amended its charter by adopting § 11.18, which reads as follows:

> Notwithstanding any other law to the contrary, whenever a valid protest petition is filed in opposition to the rezoning of land, the zoning change shall not become effective except by favorable vote of *three-fourths* of all the members of the City Council. In order for a protest petition to be valid against the change, it shall be duly signed and acknowledged by the owners of *ten percent or more*, either of the areas of the land (exclusive of streets and alleys) included in such proposed change, or within an area determined by lines drawn parallel to and one hundred and eighty-five feet distant from the boundaries of the land proposed to be changed. In the event it is determined that this provision is invalid, then the City Council shall have the authority to determine the percentage for a protest petition and to require more than a simple majority of the full council to rezone property when a valid protest petition is filed in opposition to the rezoning. (Emphasis added.)

In 1992, Plaintiffs requested a change in the zoning classification of their property in Springfield from R–3 Multi–family to M–2 Heavy Manufacturing. A protest petition was filed by an adjoining property owner

---

1. All references to statutes are to RSMo Cum. Supp.1988, unless otherwise noted.

who owned 18.13% of the qualifying land. The City declared that the requested zoning change failed because only five of the nine members of the City Council voted for approval rather than the super majority of three-fourths required by § 11.18.

Plaintiffs filed the instant suit claiming that § 11.18 of Springfield's charter was inconsistent with and in derogation of § 89.060 and therefore violated Art. VI, § 19(a) of the Missouri Constitution. As a result, Plaintiffs alleged that the protest filed against their proposed zoning change was not valid and that only a simple majority of the City Council was required in order to approve the zoning change. Accordingly, Plaintiffs prayed for the court's judgment declaring that their zoning request was approved because of the City Council's majority vote in favor of the change. The trial court agreed with Plaintiffs and entered summary judgment in their favor.

The City's first point relied on is as follows:

> The trial court erred in granting judgment for the respondents because the Springfield City Charter provision, section 11.18, is not inconsistent with state law in that it does not prohibit that which section 89.060, RSMo 1988, allows, nor allow that which section 89.060, supra, prohibits, but is a valid exercise of the authority granted to appellant by section 89.050, RSMo 1986, which permits a city to determine in what manner land will be rezoned.

Plaintiffs' contention that § 11.18 was in conflict with § 89.060 and invalid was based on Art. VI, § 19(a) of the Missouri Constitution, which states:

> Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied by the charter so adopted or by statute. Such a city shall, in addition to its home rule powers, have all powers conferred by law.

■ In determining whether a charter provision violates Art. VI, § 19(a) of the Mis-souri Constitution, the emphasis is whether it conflicts with the constitution, state statutes or the charter itself. *Cape Motor Lodge, Inc. v. City of Cape Girardeau*, 706 S.W.2d 208, 211 (Mo. banc 1986). *See also Gates v. City of Springfield*, 744 S.W.2d 487, 488 (Mo. App.S.D.1988). The test for determining if a conflict exists is whether the ordinance or charter "permits what the statute prohibits" or "prohibits what the statute permits." *Cape Motor Lodge, Inc. v. City of Cape Girardeau*, 706 S.W.2d at 211. *See also Miller v. City of Manchester*, 834 S.W.2d 904, 907 (Mo.App.E.D.1992).

The City argues that the charter provision is not in conflict with § 89.060. It contends that the right conferred by the charter for · the owners of less than 30% of the qualifying land to file a valid protest petition does not permit that which the statute prohibits. It argues that because § 89.060 is silent on the subject, protest petitions by the owners of less than 30% of the qualifying land are not prohibited. Therefore, the City contends that § 11.18 is merely a valid exercise of its authority under § 89.050, which states in pertinent part:

> The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established, and enforced, and from time to time amended, supplemented, or changed. . . .

Section 89.050, however, does not purport to, nor could it, because of Art. VI, § 19(a) of the Missouri Constitution, authorize the City to adopt a charter provision in conflict with an applicable statute.

■ Section 89.060 permits a protest against a zoning change by the owners of "thirty percent or more" of the qualifying land. The statute, therefore, does not permit the protest provision to be activated by the owners of less than 30% of such property. The charter provision in question, however, does specifically purport to permit a protest by less than 30%. The charter, therefore, specifically allows that which is not permitted by § 89.060 and the two are clearly in conflict.

This conclusion is reinforced by the history of § 89.060. Prior to 1988, the statute permitted a protest by the owners of 10% or more of the qualifying property and provided that a three-fourths affirmative vote by the members of the legislative body of the municipality was necessary to effect a zoning change. Current § 89.060 not only requires that such protests be filed by the owners of 30% or more of such property but permits approval of the zoning change upon an affirmative vote of two-thirds. It is thus apparent that the legislature intended to make it more difficult to file protests to proposed zoning. changes and less difficult to adopt those changes in the face of a protest. In contrast, Springfield's charter provision makes it easier to protest proposed zoning changes by permitting protests to be filed by the owners of only 10% of the qualifying property and makes it more difficult to adopt those changes after a protest by increasing the number of affirmative votes required to three-fourths.

Section 11.18 of Springfield's charter, therefore, expands and imposes different conditions on the right to protest proposed zoning changes from that permitted under § 89.060. We agree with the trial court, therefore, that § 11.18 is in conflict with § 89.060 and thereby violates Art. VI, § 19(a) of the Missouri Constitution. Accordingly, the City's first point is denied.

The City's second point relied on is as follows:

The trial court erred in granting judgment for the Respondents and holding that Section 11.18 of the Springfield City Charter requiring a greater than majority vote of council to enact a bill under certain circumstances was invalid as in conflict with Section 89.060, RSMo Supp.1988, because Section 89.060, supra, does not apply to the City of Springfield and has been superseded by Art. VI, Section 22 of the Missouri Constitution, in that Appellant is a constitutional charter city and the legislature may not define the powers of the officers of a constitutional charter city, in violation of Article VI, Section 22, Mo. Const., by specifically dictating the number of votes required to enact an ordinance.

For the reasons that follow, we have concluded that this point is moot and need not be decided.

The City argues that the part of § 89.060 which requires the super majority of two-thirds of the legislative body to approve a zoning change in response to a valid protest constitutes a legislative effort to fix the "powers" of a city council, which it likens to a "municipal office." It argues that because of this, § 89.060 does not apply to the City because of Art. VI, § 22 of the Missouri Constitution, which reads as follows:

No law shall be enacted creating or fixing the powers, duties or compensation of any municipal office or employment, for any city framing or adopting its own charter under this or any previous constitution, and all such offices or employments heretofore created shall cease at the end of the terms of any present incumbents.

Section 89.060 establishes the minimum percentage of qualifying landowners required to file a valid protest against a proposed zoning change and also the number of affirmative votes required for the legislative body to approve a zoning change in the event a valid protest is filed. The provisions of that statute concerning the number of affirmative votes necessary to effect a zoning change do not apply unless and until a valid protest is filed.

In Point I we determined that § 11.18 of the Springfield City Charter and § 89.060 are in conflict, with the result that, as between the two, the latter must control. This includes the statutory provision that a protest, in order to be effective, must be signed by the owners of at least 30% of the qualifying land. In the instant case, the protest was filed by the owner of 18.13% instead of 30% required under § 89.060.

As we interpret the City's second point, it challenges § 89.060 to the extent that the statute attempts to determine the number of affirmative votes by members of the legislative body required to effect a zoning change. The City does not contend in its point that § 89.060 is "superseded" or controlled by Art. VI, § 22 of the Missouri Constitution to the extent that it sets the percentage of

ownership necessary to file a protest. Because we have determined in Point I that, as between the charter and § 89.060, the latter controls, the protest filed in the instant case by the owners of less than 30% of the qualifying property was ineffective. Accordingly, the issue of whether an affirmative vote by two-thirds or three-fourths of the legislative body is required to approve the zoning change in face of a protest is never reached under the facts of this case. For this reason, Point II is moot.

■ We have not ignored Plaintiffs' contention that the City's argument essentially challenges the constitutionality of § 89.060, thereby vesting exclusive jurisdiction in the Missouri Supreme Court pursuant to Art. V, § 3 of the Missouri Constitution. The Missouri Supreme Court, however, does not have exclusive jurisdiction, and transfer to that court is not required, where it is not necessary to construe the constitution or determine the constitutionality of a statute to resolve the issues presented on appeal. *See St. Louis County Transit Co. v. Division of Employment Security,* 456 S.W.2d 334, 338 (Mo.1970); *Swift & Co. v. Doe,* 311 S.W.2d 15, 22 (Mo.1958); *In Interest of D__ L__ C__,* 834 S.W.2d 760, 772 (Mo.App.S.D.1992). Because we have determined that Point II is moot under the facts of this case, it is not necessary to reach any issue which would vest exclusive jurisdiction in the Missouri Supreme Court. Accordingly, we have jurisdiction over this appeal.

The judgment is affirmed.

## ON MOTION FOR REHEARING OR, IN THE ALTERNATIVE, APPLICATION FOR TRANSFER TO THE MISSOURI SUPREME COURT

The City has filed a Motion For Rehearing in which it alleges several reasons why we should reconsider our opinion or transfer the case to the Supreme Court. We feel compelled to respond to one of those allegations with reference to the City's second point relied on.

In its second point, the City argued that in the event this Court decided that there was a conflict between § 89.060 and § 11.18 of the City Charter so as to prohibit protest petitions by owners of less than 30% of the qualifying property, § 89.060 was inapplicable because it was superseded by Article VI, § 22 of the Missouri Constitution to the extent that it purported to set the extent of the majority required to approve a zoning change after the filing of a protest. It did not suggest, however, that the provisions of the statute were not severable.

In response to our opinion concerning Point II, the City argues for the first time in its Motion For Rehearing that the provisions of § 89.060 are not severable and therefore, if the provision concerning the number of votes required to pass a zoning ordinance after the filing of a protest petition is invalid because of Art. VI, § 22 of the Missouri Constitution, the entire statute is inapplicable. It contends, therefore, that the fact that the protest was by owners of less than 30% of the qualifying property in the instant case is inconsequential insofar as the applicability of § 89.060 is concerned.

Section 1.140 provides that:

The provisions of every statute are severable. If any provision of a statute is found by a court of competent jurisdiction to be unconstitutional, the remaining provisions of the statute are valid unless the court finds the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one; or unless the court finds that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

■ Even if this court had jurisdiction to declare that the portion of § 89.060 requiring approval by two-thirds of the council was invalid because of a constitutional provision, it would have been incumbent on the City, in urging that position, to demonstrate that that provision was not severable from the statute's requirement that there first be a protest by owners of at least 30% of the qualify-

ing property.[1] Otherwise, § 1.140 declares that the statute is severable with the result that, as our opinion demonstrates, the protest by owners of less than 30% of the qualifying property required no more than a simple majority to approve the zoning change.

■ There is nothing before us to indicate that the City presented this issue to the trial court for its determination. Having failed to do so, it is not permitted to raise it for the first time on appeal, much less after the opinion of this court has been issued. *See In re Marriage of Gustin*, 861 S.W.2d 639, 645 (Mo.App.W.D.1993); *Masonic Temple Assoc. of St. Louis v. Farrar*, 422 S.W.2d 95, 113 (Mo.App.E.D.1967). We express no opinion concerning the severability of the provisions of § 89.060 if the issue had been appropriately raised.

Even if the requirement of § 89.060 that a protest be brought by the owners of 30% of the qualifying property is not severable from the requirement that, in that event, there be approval by two-thirds of the legislative body, we would not necessarily be without jurisdiction in this case. It is true that our Supreme Court has exclusive jurisdiction "in all cases involving the validity of ... a statute or provision of the constitution of this state...." Art. V, § 3, Missouri Constitution. The City, however, did not directly attack the constitutional validity of § 89.060 in its brief before this court. While the City argues that the voting requirement of § 89.060 is invalid because it is superseded by Art. VI, § 22 of the Missouri Constitution which prohibits the legislature from enacting legislation which creates or fixes the "powers" of any "municipal office" of a charter city, the jurisdictional statement contained in its brief stated:

> This appeal does not involve the validity of a treaty or statute of the United States, or of a Missouri Constitutional provision or statute.... Therefore, this appeal is within the general appellate jurisdiction

conferred upon this Court by Article V, Section 3 of the Missouri Constitution....

■ The party asserting the unconstitutionality of a statute bears the burden of not only raising that issue at the earliest opportunity but also preserving the constitutional question throughout the case for appellate review. *Callier v. Director of Revenue*, 780 S.W.2d 639, 641 (Mo. banc 1989). A constitutional issue is not ready for appellate review, even if properly preserved in the trial court, unless adequately covered by the briefs. *Null v. City of Grandview*, 669 S.W.2d 78, 81 (Mo.App.W.D.1984). We are hard pressed to believe that a constitutional challenge to § 89.060 was adequately preserved by reason of the City's direct statement that the issue presented on this appeal did not involve the very issue which would have, if necessary for a resolution of the case, deprived this court of jurisdiction.

After Plaintiffs raised a question in the Respondents' brief concerning whether this court had jurisdiction because of what they interpreted as a constitutional challenge to the statute, the City, in its rebuttal brief, stated:

> Simply raising the issue that a particular interpretation of a statute would do violence to a constitutional provision if construed a certain way does not invoke the Supreme Court's jurisdiction.

This statement is a further indication of the City's intention not to pursue the constitutional issue which would deprive this court of jurisdiction. The statement also indicates that even if there had been such a challenge, it would have been conditional depending on the manner in which the statute was construed.

The Missouri Supreme Court, in *Knight v. Calvert Fire Ins. Co.*, 260 S.W.2d 673 (Mo. 1953), said:

> To present a constitutional question for review on the ground that a statute is unconstitutional, the constitutionality of the statute must be directly challenged.

---

1. The test for upholding the part of a statute after excision of an invalid portion is whether the remaining provisions are in all respects complete and susceptible of constitutional enforcement, and which the legislature would have neverthe-

less enacted if it had known the excised portion was invalid. *Simpson v. Kilcher*, 749 S.W.2d 386, 393 (Mo. banc 1988). *See also Millsap v. Quinn*, 785 S.W.2d 82, 84–85 (Mo. banc 1990) (involving a constitutional provision).

To say that a statute would be unconstitutional if construed in a certain manner does not meet the requirement. [Citations omitted.] To vest appellate jurisdiction here on a constitutional issue, the attack on the constitutionality of a statute must be that whatever it means and under any construction of which it is susceptible, it is unconstitutional.

*Id.* at 675. *See also Community Fire Protection Dist. v. Board of Education,* 312 S.W.2d 75, 77 (Mo.1958).

The City's Motion For Rehearing or, in the Alternative, Application for Transfer to the Missouri Supreme Court is denied.