Harry S. MAGER, Plaintiff-Appellant,

v.

CITY OF ST. LOUIS and Arthur E. McLeod, Excise Commissioner of the City of St. Louis, Defendants-Respondents.

No. 49431.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 20, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1985.

Application to Transfer Denied Nov. 21, 1985.

Jerome A. Diekemper, Janet E. Young, Clayton, for plaintiff-appellant.

James J. Wilson, Robert H. Dierker, Jr., Michelle C. Clay, St. Louis, for defendants-respondents.

SNYDER, Judge.

Plaintiff petitioned the trial court to declare that Ordinance No. 14.20.190 of the City of St. Louis, which prohibits liquor licensees from employing convicted felons, is void because it is in conflict with § 561.016 RSMo.1978 [1] and with Article I, § 2 of the Constitution of the State of Missouri. The trial court dismissed plaintiff's petition and he appeals from that judgment. The judgment is reversed and the cause remanded.

Lohr Distributing Co., Inc., a liquor distributor licensed pursuant to Title 14 of the Revised Code of the City of St. Louis, 1980, employed Mr. Mager. Mager pled guilty to a felony charge of manslaughter after he shot and killed a neighbor. He was sentenced to serve one year in the custody of the St. Louis County Department of Justice Services, but was permitted to participate in a work release program. He completed his parole successfully and was released from supervision on January 31, 1984.

Lohr discharged Mager because he had pled guilty to a felony and Ordinance No. 14.20.90 prohibits Lohr, as a licensed liquor establishment, from employing "on his licensed premises any person who has been convicted of a felony of any kind." Mager filed a grievance complaining about his discharge. The grievance was arbitrated and the arbitrator entered an award in favor of Mager, ordering Lohr to apply to the Excise Commissioner of the City of St. Louis for a waiver of enforcement of the City of St. Louis ordinance.

---

1. All statutory references are to RSMo.1978.

The arbitrator also ordered Lohr to hold open Mager's job to give him an opportunity to challenge the validity of the ordinance if the excise commissioner refused to waive its enforcement. The excise commissioner refused to waive enforcement of the ordinance and issued an opinion that Lohr's returning Mager to his job would be an ordinance violation.

Lohr refused to reinstate Mager to his job because of the excise commissioner's decision, and this litigation ensued. Mager seeks a declaratory judgment that St. Louis Ordinance No. 14.20.190 is void and unenforceable because it is in conflict with § 561.016 RSMo.1978 and Mo. Const. art. I, § 2. The trial court dismissed his petition and Mager appeals.

Respondents, City of St. Louis and its excise commissioner, argue that Mager does not have standing to bring this action because Mager is neither a licensee nor an applicant for a license. Although Mager is not a licensee under the ordinance, he is a person whose rights are affected by its enforcement.

Both § 527.020 RSMo.1978, and Rule 87.-02(a), Missouri Rules of Civil Procedure, provide:

> Any person interested under a deed, will, written contract or other writings constituting a contract, *or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.*

Section 527.020 RSMo.1978, Mo.R.Civ.P. 87.02(a) [emphasis added].

■ A person must have a legal interest susceptible of protection at stake in order to have standing to bring a declaratory judgment action. Whether a litigant has an interest which confers standing must be considered on a case by case basis. *Schweig v. City of St. Louis,* 569 S.W.2d 215, 220[1–2] (Mo.App.1978).

In *Schweig,* plaintiffs challenged two City of St. Louis ordinances, one declaring a certain area of the city to be blighted and the other approving a redevelopment plan. Defendants contended plaintiffs had no standing to bring the suit because the property they owned was located outside the redevelopment area.

This court ruled in *Schweig* that the plaintiffs had a legal interest that conferred standing to sue because a failure to finance adequately the redevelopment plan arguably would have an adverse effect on the plaintiffs' properties.

The *Schwieg* reasoning can be applied in the case under review. The facts are similar, although not identical. In each case the plaintiffs were not directly affected by the ordinance enforcement, but had a legal interest susceptible of protection which was in jeopardy because of the ordinance.

■ Mager cannot return to his job if the ordinance is valid. Mager can return to his job if the ordinance is invalid. Mager's employment is a legal interest susceptible of protection. It is a right or status which is affected by the municipal ordinance. Therefore, he has standing to sue to determine its validity. Rule 87.02(a).

In his first point, Mager asserts the trial court erred in ruling that Ordinance No. 14.20.190 is not null and void as violative of § 561.016 RSMo.1978. He maintains that the ordinance is null and void, both on its face and as applied to plaintiff, because the ordinance disables and disqualifies felons from employment by liquor licensees when their crimes, convictions, or sentences are not reasonably related to their competency to be employed by those licensees.

Section 561.016 RSMo.1978 reads in part as follows:

> 1. No person shall suffer any legal disqualification or disability because of a finding of guilt or conviction of a crime or the sentence on his conviction, unless the disqualification or disability involves the deprivation of a right or privilege which is

.     .     .     .     .

(4) Provided by the judgment, order or regulation of a court, agency or official exercising a jurisdiction conferred by law, or by the statute defining such jurisdiction, when the commission of the crime or the conviction or the sentence is reasonably related to the competency of the individual to exercise the right or privilege of which he is deprived.

Section 561.016 is part of the criminal code and it limits the disqualifications and disabilities which may be imposed on those who are convicted of crimes. It became effective on January 1, 1979, assisting offenders in integrating themselves into the community by eliminating irrational and unrelated barriers to employment.

A similar case arose in Kansas City. *Crackerneck Country Club, Inc. v. City of Independence*, 522 S.W.2d 50 (Mo.App. 1974). In *Crackerneck*, the then Kansas City District of the Court of Appeals held that there was a conflict between an ordinance of the City of Independence, a constitutional charter city, and § 311.220(2) of the liquor control law. The city ordinance prohibited the sale of intoxicating liquor by the drink on Sundays and § 311.220(2) permitted certain licensees to dispense liquor on Sundays.

The western district held that an ordinance and a statute are in conflict when their express or implied provisions are so inconsistent and irreconcilable that the statute annuls the ordinance. *Crackerneck Country Club, Inc. v. City of Independence, supra* page 51[2–4]. The court went on to say that an ordinance could enlarge upon the provisions of a statute by requiring more than the statute requires, but it could not prohibit what the statute permits or permit what the statute prohibits.

■ A similar situation exists in the case under review, although the conflict may not be as pronounced. Section 561.016.1 limits disqualifications of convicted felons. The broad language of the city ordinance would in practice eliminate those limits.

Therefore, appellant's point must be sustained.

■ This is not to say, however, that the ordinance could not be enforced in such a way as to be in compliance with the statute, which requires the felony in question to be reasonably related to the convicted person's competency on the job. Therefore, the cause will be remanded for a hearing by the excise commissioner to determine whether in this case the disqualification comports with the exception to the prohibition against disqualification set forth in § 561.016.1(4).

Respondent city insists that nothing in the city's liquor licensing scheme conflicts with the controlling statutes. It relies on *Passler v. Johnson*, 304 S.W.2d 903, a 1957 Missouri Supreme Court case, but that case merely provides that a municipality may regulate liquor wholesalers by establishing requirements in addition to those in the statute so long as there is no conflict between the statute and the city ordinance.

The Supreme Court ruled that a Kansas City ordinance prohibiting liquor wholesalers from selling to any retailer who is delinquent in payment to any other wholesaler was not in conflict with the state statute, as supplemented by regulations, which prohibited a wholesaler from selling to a retailer who is delinquent in payment only to the prohibited wholesaler.

The facts are not the same. In the case under review there is a statute which prohibits disqualification of those found guilty of felonies, except under certain conditions. It sets forth clearly Missouri's policy as expressed by its legislature. The ordinance plainly disqualifies all felons regardless of whether there is a reasonable relation between the crime committed and the competency of the individual to exercise his right.

The city would have this court find that there is no conflict, that the liquor control law stands alone and is not in pari materia with § 561.016. Counsel argues that the liquor control law does not purport to pre-

scribe disabilities or other consequences of criminal convictions, that it is only concerned with controlling the liquor business in furtherance of the public welfare. Then the city apparently argues that even if § 561.016 applies, this court should interpret the ordinance to mean that any felony is reasonably related to the competency of an individual who is employed by a licensed liquor establishment. They would have the court interpret the word "competency" in a very broad sense which this court refuses to do.

The city argues at length about an unsuccessful legislative attempt to amend the statute to accomplish what appellant here seeks to achieve. This argument deserves little consideration. There are many reasons why legislation does not pass, and the history of any unsuccessful attempt to legislate away the disqualifications contained in the state regulations is not before the court on the record.

The city has yet another string to its bow. It argues that Ordinance 14.20.190 is within the broad home rule power conferred upon the city by the Missouri Constitution Article VI, § 19(a). It speaks at length about home rule and state verses local concerns, pointing out that the adoption of the home rule amendment, Article VI, § 19(a) was intended to alter the status of the municipal charter from an instrument of grant to one of limitation.

Powers which are limited or denied by statute, however, are not among the powers granted to cities by Article VI, § 19(a). Here the disqualification of convicted felons, has been limited by statute and the ordinance may be in conflict with that statute.

The cause is reversed and remanded to permit the excise commissioner to determine whether the crime appellant is convicted of is reasonably related to his competency to perform his duties for the licensee.

SMITH, P.J., and SATZ, J., concur.