Russell HARDY, Plaintiff/Appellant,

v.

CITY OF BERKELEY,
Defendant/Respondent.

No. 70043.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 14, 1997.

Bernard F. Edwards, Jr., St. Louis, for plaintiff/appellant.

Denise J. Watson-Wesley, White, Ovletrea & Watson, L.C., St. Louis, for defendant/respondent.

GERALD M. SMITH, Judge.

Plaintiff appeals from a judgment granting defendant's motion to dismiss plaintiff's petition for alleged wrongful discharge. We reverse and remand.

Plaintiff filed his petition in two counts. Count I sought review of a decision by the City of Berkeley to discharge plaintiff who

was a probationary paramedic/firefighter licensed by the State of Missouri as a paramedic. It premised review on Section 536.110,[1] which governs "contested" administrative decisions. The petition alleged that plaintiff was hired by the City and then 21 days later discharged for alleged falsification of his employment application. He alleges that in fact he was discharged because the City discovered plaintiff was a convicted felon who successfully completed his probation. This, plaintiff alleged, brought the provisions of Section 561.016 into play which precludes him from being legally disqualified as a result of being a convicted felon.

Count II alternatively pled that the action was brought under Section 536.150 to review the discharge decision as an "uncontested" case. The fact allegations of Count I were incorporated into Count II.

Defendant in its answer admitted that plaintiff was a licensed paramedic and had been hired by the City. It alleged that plaintiff was discharged during his probationary period for false statements contained in his employment application. The motion to dismiss asserted that plaintiff was "an untenured, probationary employee of the City of Berkeley, without any cognizable interests in his job and could be terminated at any time with or without cause". No affidavit was filed with the motion to dismiss but a memorandum of law in support of that motion was filed. In it the City alleged that after plaintiff was hired the City discovered he had concealed and made certain material falsehoods upon his application for employment. The memorandum stated that plaintiff had disclosed a conviction for assault and arrests for "failure to appear" and violation of a "control substance law." The memorandum further stated that the City's background check revealed that plaintiff had been arrested and charged with trespass, flourishing, stealing a firearm and stealing a motor vehicle. Nowhere in the record is there any

evidence or affidavits to support these allegations.

Plaintiff, in response to the City's motion and memorandum filed his own memorandum. Attached thereto were copies of his application for employment and a report from the County Police showing his conviction and arrest record. The conviction and arrest record reveal the same arrests and convictions as appear on the employment application and none additional. These documents were not verified so are not properly a part of the record. On the record, therefore, there is no evidence to establish the reason for plaintiff's discharge.[2]

The court dismissed the petition on the sole basis that "Petitioner was a probationary employee of the City of Berkeley and that his job could be terminated within the probationary period with or without cause." On appeal the City argues that (1) plaintiff could be discharged with or without cause and (2) he was discharged not because he was a convicted felon but because he falsified his employment application. As to reason (2) there is nothing of record to substantiate any reason for plaintiff's discharge. The allegations of plaintiff's petition allege that he was discharged solely because the City learned he was a convicted felon. Nothing before the court refuted that allegation, so for purposes of a motion to dismiss it is treated as true.

■■■ The issue then is whether plaintiff's status as a probationary employee authorizes his termination on the sole ground that he is a convicted felon. City contends, and we do not disagree, that a probationary employee is an employee at will. Such employee does not have a property interest in a public job because he possesses only an expectancy that employment may become permanent. *Jones v. Western Missouri Mental Health Center*, 878 S.W.2d 84 (Mo.App.1994)[4,5]; *Doyle v. Board of Fire and Police Commissioners of Village of Schaumburg*, 48 Ill.App.3d 449, 6

---

1. All statutory references are to RSMo 1994.

2. The judgment was entered as a granting of a motion to dismiss. The record does not contain

materials allowing treatment of the motion as a summary judgment. Rule 55.27.

Ill.Dec. 550, 363 N.E.2d 79 (1977)[3] *cert. denied,* 435 U.S. 970, 98 S.Ct. 1609, 56 L.Ed.2d 61, *reh'g denied,* 436 U.S. 941, 98 S.Ct. 2839, 56 L.Ed.2d 781 (1978).

The status of an at-will employee was set forth in *Amaan v. City of Eureka,* 615 S.W.2d 414 (Mo.banc 1981)[1]:

> In Missouri, the rule is well established "that in the absence of a contract for employment for a definite term or *contrary statutory provision,* an employer may discharge an employee at any time, without cause or reason, or for any reason and, in such cases no action can be obtained for wrongful discharge." (cite omitted)(emphasis added)

§ 561.016 entitled "Basis of disqualification or disability" provides:

> 1. No person shall suffer any legal disqualification or disability because of a finding of guilt or conviction of a crime or the sentence on his conviction, unless the disqualification or disability involves the deprivation of a right or privilege which is
>
> > (1) Necessarily incident to execution of the sentence of the court; or
> >
> > (2) Provided by the constitution or the code; or
> >
> > (3) Provided by a statute other than the code, when the conviction is of a crime defined by such statute; or
> >
> > (4) Provided by the judgment, order or regulation of a court, agency or official exercising a jurisdiction conferred by law, or by the statute defining such jurisdiction, when the commission of the crime or the conviction or the sentence is reasonably related to the competency of the individual to exercise the right or privilege of which he is deprived.
>
> 2. Proof of a conviction as relevant evidence upon the trial or determination of any issue, or for the purpose of impeaching the convicted person as a witness, is not a disqualification or disability within the meaning of this chapter.

The courts of Missouri have addressed the purpose and scope of this statute in at least two cases. In *Foxworth v. Foxworth,* 732 S.W.2d 931 (Mo.App.1987) our colleagues in the Southern District were confronted with a petition to remove a convicted felon from his role as personal representative of an estate. The court pointed out that the purpose of the statute was to reduce the number of statutes providing for collateral consequences of criminal convictions and to place all statutes dealing with that subject in one location. *Id.* at [2]. By defining these disqualifications and disabilities and stating when they apply confusion is avoided and a sounder basis for rehabilitation is created. *Id.* The court then reviewed in detail the various exceptions set forth in the statute and in Chapter 561. We need not set forth herein that discussion. Suffice it to say that none of the exceptions is a general disqualification from employment because of a criminal conviction.

In *Mager v. City of St. Louis,* 699 S.W.2d 68 (Mo.App.1985), we addressed the applicability of the statute in the context of employment. There, the City of St. Louis had an ordinance which precluded licensed liquor establishments from employing on licensed premises any person who had been convicted of a felony of any kind. Mager had been convicted of manslaughter, served his sentence and successfully completed his parole. He was employed by a licensed liquor distributor which fired him because of the conviction and the ordinance. We held that the ordinance and the statute were in conflict and the ordinance, to the extent it imposed a blanket prohibition on employment of convicted felons, could not be enforced. We remanded to allow the excise commissioner to determine whether the crime Mager was convicted of was reasonably related to his competency to perform his duties for the licensee, one of the exceptions to the removal of disqualifications and disabilities of the statute.

The statute, as applied to the case before us, prohibits the City from imposing a disqualification from employment by the City solely on the basis that plaintiff is a convicted felon. That is a statutory protective provision which limits the power of the City to

discharge even a probationary employee. There are certain statutorily recognized reasons for which an employee may not solely be discharged whether at-will or not, i.e., race, religion, gender, etc. See Sections 213.055, 287.780. Section 561.016 establishes conviction of a felony as another. Plaintiff has alleged that the sole basis for his discharge was his status as a convicted felon. There is no evidence or affidavit in the record which refutes that allegation. The factual allegations of the petition state a cause of action.

Count I of the petition seeks review pursuant to Section 536.110. That section does not apply as this was not a "contested" case under Section 536.010(2) as no hearing was required before terminating plaintiff. Count I was correctly dismissed for that reason. Count II seeks review under Section 536.150. That section does apply. The City contends it does not because a probationary employee is not entitled to judicial review under that section. The City relies on *Barnes v. City of Lawson*, 820 S.W.2d 598 (Mo.App.1991)[4]. That case is inapplicable because the employee there could be discharged at will and no contention was made that any statutory provision precluded such discharge. *Barnes* specifically recognized that Section 536.150 is not applicable to an employee at will "who is not otherwise protected by statute...." As we have held, here there is a specific statutory provision which precludes discharging plaintiff solely on the ground he is a convicted felon. Plaintiff is entitled to judicial review of the discharge under Section 536.150, solely to determine if the reason for his discharge was a reason for which discharge is prohibited by Section 561.016. Count II should not have been dismissed.

Judgment of dismissal as to count I is affirmed. Judgment of dismissal as to count II is reversed and cause remanded for further proceedings.

CRANE, P.J. and PUDLOWSKI, J., concur.