**Russell HARDY, Respondent,**

v.

**FIRE STANDARDS COMMISSION OF ST. LOUIS COUNTY,**
**Missouri, Appellant,**

**City of Berkeley, Missouri, Respondent.**

No. 73969.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 27, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 26, 1999.

Application for Transfer Denied
June 29, 1999.

John A. Ross, County Counselor, Eva C. Konieczny, Asst. County Counselor, St. Louis, for appellant.

Elbert A. Walton, Jr., Metropolitan St. Louis Legal Services Corp., P.C., St. Louis, for City of Berkeley.

Bernard F. Edwards, Jr., St. Louis, for Russell Hardy.

GARY M. GAERTNER, Judge

Appellant, Fire Standards Commission of St. Louis County ("Commission"), appeals the judgment entered by the Circuit Court of St. Louis County in favor of

respondents, Russell Hardy ("plaintiff"), and the City of Berkeley ("city"), in plaintiff's action and city's cross-claim for review, injunction and declaratory judgment against Commission regarding their denial of plaintiff's application to the St. Louis County Fire Academy ("fire academy"). City filed a cross-claim against Commission for review and declaratory judgment that section 6.040 of the St. Louis County Charter and its progeny do not apply to a charter city. We reverse in part and affirm in part.

In 1984, plaintiff pled guilty to seven felony counts, including possession of marijuana, assault and unlawful use of a weapon. Sentence was imposed on plaintiff and he was placed on probation for 5 years. In 1987, plaintiff was convicted of a misdemeanor for possession of a controlled substance.

In 1995, plaintiff was employed by city as a paramedic-firefighter. He was subsequently fired by the city manager, on the alleged grounds that plaintiff was a probationary employee and had omitted material information from his application for employment. Plaintiff filed suit against city, alleging the actual reason for his termination was his felony convictions. The case came on appeal to this court, where we found plaintiff could not be denied employment as a firefighter with city solely on the grounds he was a convicted felon. *Hardy v. City of Berkeley*, 936 S.W.2d 879, 880–82 (Mo.App. E.D.1997) ("Hardy I"). This court reversed and remanded for further proceedings. City and plaintiff subsequently settled and city agreed to re-employ plaintiff as a firefighter.

According to the St. Louis County Charter and St. Louis County Revised Ordinance 17,310, once an individual is employed as a firefighter with a municipal fire department, s/he must meet the minimum training and educational standards relating to firefighter training, including attending the St. Louis County Fire Academy, as established by the Fire Standards Commission ("Commission"). Under sec-

tion 6.040.1.2 of the Charter of St. Louis County, Commission is empowered:

> "to establish and provide minimum training and educational standards and to issue regulations for any person performing the duties of a firefighter for any municipality, fire protection district, or other public agency. The training and educational standards adopted by the commission shall be reasonably related to the position of firefighter. Any person who is employed or appointed as a firefighter after the effective date of the standards established by the commission who fails to meet such standards within six months of the beginning of such service shall be terminated."

St. Louis County Revised Ordinance section 702.100 delineates the powers of Commission and states that a copy of the standards and regulations shall be filed with the Administrative Director of the St. Louis County Council when said standards and regulations change pursuant to Commission's procedures.

On October 14, 1991, Commission adopted rules and regulations establishing the minimum qualifications for persons to be admitted to the St. Louis County Fire Academy. In October, 1996, Commission revised said rules and regulations. The 1996 revision included a provision that barred admission to the fire academy, any person who had been convicted of a felony or misdemeanor involving moral turpitude. On October 27, 1997, the aforementioned rules and regulations and the revisions of same were filed with the Administrative Director of the St. Louis County Council.

After city re-employed plaintiff, he applied for admission to the fire academy. On August 19, 1997, Commission held a special meeting where plaintiff was asked to discuss his application to the fire academy and his prior convictions. No witnesses were sworn nor was any evidence submitted. On September 5, 1997, Commission sent plaintiff a letter advising him that he was denied admission to the Fire

Academy. In its letter, Commission stressed the importance of "the safety of the lives and property of the citizens." And based on its analysis of "the nature and circumstances of [plaintiff's] felony convictions as they relate to [his] competency to perform the job of firefighter," the Commission denied plaintiff's application to attend the fire academy.

Plaintiff filed a petition for review, injunction and declaratory relief against Commission as well as city, stating Commission's decision to deny him admittance was unconstitutional, unlawful, unreasonable, arbitrary or capricious, or involves an abuse of discretion. City filed a cross-claim against Commission, petition for review and petition for declaratory judgment that section 6.040 of the St. Louis County Charter does not apply to city as it is a constitutional charter city.

On November 4, 1997, the trial court heard the case. Plaintiff testified regarding his years of service as a paramedic and the awards he had received for such service. Commission put on two witnesses, Calvert Worth, Chairman of Commission and William Fox, Chairman of the Board of Directors of the Fire Academy. Fox testified he was not involved in the decision to admit individuals but rather trains those who are admitted. Worth, who was present at the August 17 special meeting, testified plaintiff's felony convictions were related to the standard of good citizenship St. Louis County citizens expect. There was no testimony by Worth regarding the relationship between plaintiff's felony convictions and his competency to perform the duties of a firefighter. Further, there was no testimony by Worth regarding what criteria Commission based its decision to deny plaintiff's admittance to the fire academy.[1] On January 15, 1998, the court entered its judgment. The trial court found that section 6.040 of the Charter of St. Louis County, and the ordinances and regulations promulgated pursuant thereto, did not apply to city as it is a constitutional charter city.[2] Further, the court enjoined Commission from failing to admit plaintiff to the fire academy because of his previous convictions. The court also ordered Commission to admit plaintiff to said academy. In addition, the court enjoined city from discharging plaintiff for the sole reason plaintiff was wrongfully prevented from attending the fire academy within six months from the date of his employment. Commission appealed.

 We begin by addressing our standard of review. Initially, a determination must be made as to whether this is a contested or noncontested case. The requirement of a hearing is key to the classification of the case as contested or noncontested. *State ex rel. Valentine v. Police Com'rs,* 813 S.W.2d 955, 957 (Mo.App. W.D.1991). This "requirement must be found in a constitutional provision, statute, municipal charter or ordinance." *Id.* This case is brought pursuant to a question regarding the authority of the St. Louis County Charter and a subsequent ordinance and regulations creating and defining the Fire Standards Commission. There is no hearing requirement in the charter, the subsequent ordinance, nor the regulations, therefore this matter is a noncontested case. In a noncontested case, we review the circuit court's decision rather than the decision of the Board or Commission. *Id.* at 958. "The circuit court's judgment will be sustained unless there is no substantial evidence to support it, unless the decision is against the weight of the evidence, or unless the circuit court erroneously declares or applies the law."

---

1. Commission's attorney asked Worth in redirect, "What did you base your decision to deny [plaintiff's] admission on?" There was an objection which was sustained, presumably because the question was beyond the scope of cross.

2. The trial court did not provide any conclusions of law in making this determination.

*Id.* (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976)).

■ Commission raises three points on appeal. In its first point, Commission argues the trial court erred and misapplied the law when it held the St. Louis County Charter amendment and ordinance provisions concerning the training and education of firefighters in St. Louis County do not apply to city because it is a constitutional charter city. We agree.

Commission argues that *Chesterfield Fire Protection v. St. Louis Cty.*, 645 S.W.2d 367 (Mo.banc 1983) demonstrates St. Louis County, through Commission, has the authority to regulate the training and education of all firefighters in St. Louis County. *Chesterfield* addressed the issue of whether the St. Louis County Charter amendment, which authorized establishment of Commission, was unconstitutional on the grounds it exceeded the powers granted the county by article VI, section 18(c) of the Missouri Constitution. *Id.* The Supreme Court of Missouri found the amendment was constitutional under said article and went on to say it was unnecessary for the charter to set forth the limits within which the municipalities may exercise the same power as "[m]unicipalities have no power regarding the training and education of firefighters; this power is granted to fire protection districts." *Id.* at 372 (citing RSMo sections 321.010–321.690 (1978 & Supp.1981–82)). However, the court did not specifically address whether this ruling extends to constitutional charter cities. We believe, in the case at bar, the ruling does extend to city.

■ Article VI, section 19(a) of the Missouri Constitution sets out the power of charter cities, specifically how they are limited. V.A.M.S. Const. Art. 6, Sec. 19(a). Under this constitutional provision for charter cities, "the municipality possesses all powers which are not limited or denied by the constitution, by statute, or by the charter itself." *State ex inf. Han-*

*nah v. City of St. Charles*, 676 S.W.2d 508, 512 (Mo.banc 1984). Article VI, section 18(c) sets out the provisions authorized in county charters, specifically participation by the county in the government of other local units. V.A.M.S. Const. Art. 6, Sec. 18(c). This section provides:

> The charter may provide for the vesting and exercise of legislative power pertaining to any and all services and functions of *any municipality* or political subdivisions, except school districts, *throughout the entire county* within as well as outside incorporated municipalities; any such charter provision shall set forth the limits within which the municipalities may exercise the same power collaterally and coextensively....

(emphasis ours).

In *Chesterfield,* the supreme court held that based on the above constitutional provision, St. Louis County has the authority through Commission to regulate the training and education of firefighters in its county. Further, the court found, based on its reading of RSMo Sections 321.010–321.690 (1978 & Supp.1981–82), that municipalities have no power regarding the training and educating of firefighters. This demonstrates the existence of a constitutional provision (Article 6, section 18) and Missouri statutes that expressly limit the powers any municipality throughout the entire St. Louis County area has in training and educating its firefighters. City is a municipality located in St. Louis County and therefore its power to train and educate its firefighters is expressly limited. Based on the foregoing, we reverse the trial court's decision and find section 6.040 of the Charter of St. Louis County, and the Ordinances and Regulations promulgated pursuant thereto, do apply to city, as a constitutional charter city.

■ In response, city[3] argues that article VI, section 22 of the Missouri Constitution applies. Said article states, "[n]o law shall be enacted creating or fixing the

---

**3.** Plaintiff adopted City's brief and therefore did not file a separate brief.

powers, duties or compensation of any municipal office or employment, for any city framing or adopting its own charter under this or any previous constitution...." Case law addressing article VI, section 22 illustrates the fact "the *General Assembly* is expressly prohibited from dictating the types of municipal offices and employment charter cities must establish or the powers or compensation of officers and employees of charter cities." *City of Springfield v. Goff,* 918 S.W.2d 786, 789 (Mo.banc 1996) (emphasis ours). The case at bar involves an amendment of the St. Louis County Charter, a subsequent ordinance and regulations, and not an action by the General Assembly. City has not provided any case law nor argument to support an application of the issue of whether a charter provision and its progeny should be considered under article VI, section 22, which expressly deals with legislative acts.[4] As a "constitutional issue is not ready for appellate review, even if properly preserved in the trial court, unless adequately covered by the briefs," we decline to address city's argument. *Whitaker v. City of Springfield,* 889 S.W.2d 869, 874 (Mo.App. S.D. 1994).

█ In its second point relied on, Commission argues the trial court erred in failing to affirm the Commission's decision denying plaintiff admission to the fire academy because plaintiff's convictions were reasonably related to his competency to perform the duties of a firefighter. Further, Commission argues said denial by Commission was consistent with RSMo section 561.016 (1994). We disagree with Commission.

RSMo section 561.016 (1994) states:

1. No person shall suffer any legal disqualification or disability because of a finding of guilt or conviction of a crime or the sentence on his conviction, unless the disqualification or dis-

ability involves the deprivation of a right or privilege which is:

(4) Provided by the judgment, order or regulation of a court, agency or official exercising a jurisdiction conferred by law, or by the statute defining such jurisdiction, when the commission of the crime or the conviction or the sentence is reasonably related to the competency of the individual to exercise the right or privilege of which he is deprived.

In *Mager v. City of St. Louis,* 699 S.W.2d 68 (Mo.App. E.D.1985), plaintiff, who had pled guilty to a felony, was fired from his job with a liquor distributor because of an ordinance preventing liquor licensees from employing "on his licensed premises any person who has been convicted of a felony of any kind." *Id.* at 69. Plaintiff challenged the ordinance, stating it was null and void on its face and as applied, as it conflicted with RSMo section 561.016.1, which limits disqualifications of convicted felons. *Id.*

The court, in finding the ordinance may be null and void, noted "an ordinance and a statute are in conflict when their express or implied provisions are so inconsistent and irreconcilable that the statute annuls the ordinance." *Id.* at 71. However, the court found the ordinance could be enforced in such a way as to be in compliance with the statute and reversed and remanded the cause to permit the excise commissioner to determine whether the crime plaintiff was convicted of was reasonably related to his competency to perform his duties for the licensee. *Id.* at 71–72.

█ In the case at bar, Commission promulgated a rule which bars admission to their academy anyone who has been convicted of a felony or a misdemeanor involving moral turpitude.[5] Further, the rules state if a firefighter has not been

---

4. Further, we note, all case law which addressed the constitutionality of a statute under Article VI, Section 22 vested appellate jurisdiction in the Supreme Court of Missouri.

5. The Commission rules are silent as to what constitutes crimes of moral turpitude.

admitted to the academy within six months of the beginning of his/her service, s/he will be terminated. Therefore, the effect of these rules, applied together, denies employment as a firefighter to anyone who has been convicted of a felony or a misdemeanor involving moral turpitude. This rule conflicts with RSMo statute 561.016 which limits the disqualifications of convicted felons to those where the crimes convicted of reasonably relate to the felon's competency to do the job at issue. As the rule, on its face, conflicts with the statute, it may be void. However, we find, as the *Mager* court did, that this is not to say the rule could not be enforced in such a way as to be in compliance with the statute.

In the case at bar, Commission sent a letter to plaintiff stating in part, "[b]ased on its analysis of the nature and circumstance of your felony convictions as they relate to your competency to perform the job of firefighter, the Commission is hereby denying your application to attend the Fire Academy." However, Commission did not supply any evidence to support its conclusion. At trial, Commission put on one board member, Worth, who had been part of the decision to deny plaintiff's application.[6] Worth did not testify as to how plaintiff's convictions related to his competency to perform the job of firefighter. Further, Worth did not testify as to what Commission based their decision on to deny plaintiff's admittance. The only explanation offered by Worth for plaintiff's denial was ". . . [t]he citizens of St. Louis County have an expectation that . . . people in public service should be good citizens." The board member went on to explain, "[w]e were able to discern from the record, [plaintiff's] felony convictions had something to do with that . . . our influence that the standard of good citizenship that the citizens of St. Louis County have a right to expect." Therefore, no

evidence was adduced to support the finding that plaintiff's denial was based on an evaluation of the relationship between his felony convictions and his competency to perform his job as a firefighter. Based on the foregoing, we affirm the trial court's decision ordering Commission to admit plaintiff to the Fire Academy.

 In Commission's final point on appeal, it argues the trial court erred in finding that the rules and regulations of Commission passed in October 1996, were not applicable to plaintiff as they were not filed with the Administrative Director to the County Council prior to plaintiff's application to the fire academy, because the ordinance requiring the filing of the rules is only directory, and failure to comply does not affect the rules' validity. Further, Commission argues even if standards are invalid, Commission could still lawfully refuse plaintiff admission to the fire academy. We agree that the filing of the rules is merely directory, but as illustrated in the previous point, we find Commission did not support its decision to refuse plaintiff's admission, and therefore cannot lawfully refuse his admission.

 "[I]f a statute merely requires certain things to be done and nowhere prescribes the result that shall follow if such things are not done, then the statute should be held to be directory." *Conner v. Herd,* 452 S.W.2d 272, 276 (Mo.App.St.L. 1970). "[S]tatutes directing the mode of proceedings by public officers are to be held to be directory and are not to be regarded as essential to the validity of a proceeding unless it be so declared by the law." *Id.* In *Conner,* the zoning board failed to incorporate an order into the minutes of a board meeting, as directed by a St. Louis County ordinance. *Id.* at 275. The court found the board's action was valid as appellants had received notice of the board's action and had not demonstrated any prejudice as a result of the failure

---

6. Commission also put on Fox, but the record indicates he was not part of the decision to deny plaintiff's admission.

to include the order in the board minutes. *Id.*

In the case at bar, Commission filed its rules and regulations in October of 1997, after it had already denied plaintiff admission to the academy. However, the requirement that Commission file said rules is merely directory as nothing in the ordinance directing Commission to so file the rules indicates what will happen if Commission fails to file accordingly. Further, plaintiff was informed of the rule and did not demonstrate any prejudice as to Commission's failure to file. Therefore, *Conner* illustrates, Commission's rules and regulations were valid as to plaintiff.

City argues that the rules and regulations are void as they were filed in contravention of the rulemaking process set out in RSMo section 536.021 (Supp.1989). However, the rulemaking process in the above statute addresses rules which must be published in the Missouri Register by the secretary of state in order to be valid. RSMo section 536.021 (Supp.1989). City has not demonstrated, and we do not find any evidence in the record to support the contention, that the rules and regulations created by Commission must be published in the Missouri Register by the secretary of state. Therefore, based on the foregoing, the rules and regulations created by Commission were valid as to the filing requirement. However, as illustrated in the preceding point, Commission failed to support its decision on the record to deny plaintiff's admission to the fire academy.

Based on the foregoing we reverse in part and affirm in part.

HOFF, P.J., and RHODES RUSSELL, J., concur.