**STATE ex rel. Mary SMITH,
Plaintiff/Respondent,**

v.

**HOUSING AUTHORITY OF
ST. LOUIS COUNTY, et al.,
Defendants/Appellants.**

No. ED 76483.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 1, 2000.

Joe David Jacobson, Law Office of Green, Schaaf, Margo & Jacobson, for appellant.

Susan Marie Alverson, St. Louis, for respondent.

SHERRI B. SULLIVAN, Judge.

Appellants, the Housing Authority of St. Louis County ("HASLC") and the HASLC Executive Director Neil Molloy, appeal from a final judgment and order voiding the HASLC's decision to terminate Respondent's Section Eight rental assistance and ordering reinstatement of such assistance. We affirm.

The parties filed a joint stipulation of fact, waived trial, and submitted the action on cross-motions for summary judgment. Each party submitted an affidavit in support of their motion. The following is a summary of the stipulated and uncontradicted facts.

The HASLC administers the Section Eight rental assistance program provided for by the United States Housing Act. From 1985 until March 31, 1998, Mary Smith ("Respondent") participated in the Section Eight program.

In February 1998, the HASLC notified Respondent in writing that her Section Eight rental assistance would be terminated effective March 31, 1998. Respondent challenged this termination at an administrative hearing, after which the hearing officer affirmed the termination. The reason stated for the HASLC's termination of the assistance was a violation of a family obligation under the Section Eight program; specifically, "[e]ngaging in drug-related criminal activity or violent criminal activity including criminal activity by any Family member." The HASLC based this reason on a police report regarding the August 6, 1997, arrest of Respondent's adult son, Bobby Barnes ("Barnes"), for possession of heroin.

The police report for Barnes' arrest listed his address as 6527 Alder. At this

time, Respondent lived at 20 Anistasia. Respondent contends that Barnes had not resided in her home for an extended period of time prior to his arrest, and the HASLC has no evidence to prove otherwise. However, at the time of his arrest, Barnes was listed as a family member living in Respondent's apartment for Section Eight purposes. As part of an annual certification for the Section Eight program, Respondent completed and signed a sworn statement dated February 11, 1997, confirming Barnes as a household member. Also under the Section Eight program, Respondent had an obligation to promptly notify the HASLC in writing upon any change in household members. Although Respondent had followed this procedure for prior changes in household members, at no time between February 1997 and Barnes' arrest did she notify the HASLC that Barnes was no longer a household member.

Barnes was not arrested at Respondent's apartment or in its vicinity. Respondent had no knowledge of Barnes' arrest until receiving the termination notification from the HASLC. Respondent did not participate in any of Barnes' drug-related criminal activity.

■ As a noncontested case under the Missouri Administrative Procedure Act, the trial court reviewed this action *de novo*. *See* Section 536.150.[1] Under this review, the trial court hears evidence on the merits, makes a record, determines the facts and decides whether the agency's decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious, or otherwise involves an abuse of discretion. *Cade v. State*, 990 S.W.2d 32, 37 (Mo.App. W.D. 1999). The trial court does not defer to facts found or credibility assessed by the agency and need not conform doubtful evidence to the agency's decision. *Id.* The trial court concluded that the HASLC's decision to terminate Respondent's Section Eight rental assistance was "unlawful, un-

reasonable, unconstitutional, and an abuse of discretion."

■ On appeal from a judgment entered in a noncontested case, we review the judgment of the trial court, not the agency's decision. *Hardy v. Fire Standards Comm'n of St. Louis County*, 992 S.W.2d 330, 333 (Mo.App. E.D.1999). We will affirm the judgment of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Appellants' point one on appeal argues that the trial court erred in setting aside the HASLC's decision to terminate Respondent's Section Eight rental assistance because the applicable federal regulations permitted HASLC to terminate a family's assistance if any family member engages in drug-related criminal activity in that Respondent had certified that Barnes was a family member living in her apartment and Barnes was arrested for possession of heroin.

■ The federal regulations governing the Section Eight program permit the HASLC to terminate a participant's rental assistance if any family member commits drug-related criminal activity. 24 C.F.R. Sec. 982.553(a) (1999). There is no dispute that Barnes committed drug-related criminal activity under the federal regulations. *See* 24 C.F.R. Secs. 982.4, 982.553(b), & 982.553(c) (1999). The preliminary issue is whether Barnes was a family member for Section Eight purposes at the time such drug-related criminal activity occurred.

The federal regulations governing the Section Eight program do not define "family member." Regarding this issue, the evidence before the trial court revealed the following information. At the time of his arrest, August 1997, Barnes stated that his address was 6527 Alder, indicating that he considered this address as his residence. At the time of Barnes' arrest, Respondent

1. All statutory references are to RSMo 1994, unless otherwise indicated.

lived at 20 Anistasia. Also, Respondent stated that Barnes had moved from her apartment prior to his arrest and did not reside with her at the time of his arrest. The HASLC presented no evidence to refute these statements. The evidence also revealed that Respondent had certified Barnes as a family member for Section Eight purposes in February 1997 and that no amendments had been made to this certification.

█ Respondent argues that because the federal regulations do not state that the most recent certification determines family members for Section Eight purposes, we should look to the evidence indicating that Barnes was not residing with Respondent at the time of his arrest to conclude that he was not a family member for Section Eight purposes. However, we cannot require the HASLC to investigate the status of family members every time an alleged Section Eight violation occurs. A contrary conclusion would create an administrative nightmare for the HASLC, creating the burden of having to prove that a certified family member actually resides at a Section Eight dwelling in order to enforce the family obligations. The certification serves that purpose, and the HASLC relies on the certification for that purpose. Accordingly, a family member for Section Eight purposes is any person listed on a Section Eight participant's certification and its amendments, if any. The person remains a family member until taken off the certification list. Thus, because Respondent listed Barnes as a family member on her most recent certification and because she did not notify the HASLC of any change in his status, Barnes was a family member at the time of his arrest.

█ The federal regulations governing the Section Eight program also provide the following:

In deciding whether to deny or terminate assistance because of action or failure to act by members of the family, the [HASLC] has discretion to consider all of the circumstances in each case, including seriousness of the case, the extent of participation or culpability of individual family members, and the effects of denial or termination of assistance on other family members who were not involved in the action or failure. 24 C.F.R. Sec. 982.552(c)(1) (1999).

Although possession of heroin is a serious offense, the other circumstances support the decision to reinstate Respondent's rental assistance. Respondent did not participate in any of Barnes' drug-related criminal activity. Barnes was not arrested at Respondent's apartment or in its vicinity. Respondent had no knowledge of Barnes' arrest until receiving the termination notification from the HASLC.

Further, the effects of the termination of Respondent's rental assistance are substantial. Prior to the termination, Respondent had been a Section Eight participant continuously for about thirteen years. Because of the termination, Respondent and her two other children had to move from her apartment, as Respondent was unable to afford the full rent on her own. Prior to the termination, Respondent's portion of her rent was $26 per month. Respondent now pays $335 per month for rent. Further, Respondent is disabled. Prior to the termination, her sole source of income was SSI and Social Security Disability totaling $514 per month. To afford her increased rent, Respondent obtained a low wage job that exacerbated her disability causing her to have back surgery. Although one of her children no longer resides with Respondent, she struggles to support her youngest child and herself.

Additionally, the federal regulations provide the following:

The [HASLC] may impose, as a condition of continued assistance for other family members, a requirement that family members who participated in or were culpable for the action or failure will not reside in the unit. The [HASLC] may permit the other members of a participant family to continue

receiving assistance. 24 C.F.R. Sec. 982.552(c)(2) (1999).

Respondent agreed not to list Barnes as a family member and not to allow him to reside at her apartment. Although the trial court may not substitute its discretion for discretion legally vested in the HASLC, it may review the HASLC decision for an abuse of discretion. *See* Section 536.150.

Accordingly, the trial court did not erroneously apply the law in finding that the HASLC abused its discretion. Point one denied.

Appellants' point two on appeal argues that the trial court erred in setting aside the HASLC's decision to terminate Respondent's Section Eight rental assistance because the applicable federal regulations permitted the HASLC to terminate a family's assistance if the family fails to immediately inform the HASLC of changes in family composition in that Respondent contends that Barnes left her household and admits that she knew that she was required to report this change to the HASLC but intentionally decided not to report the change so that she could keep an extra room available for Barnes on his visits.

The parties stipulated that the federal regulations required Respondent to promptly notify the HASLC of a change in family composition. However, Appellant's point two is not preserved for appeal because the HASLC terminated Respondent's rental assistance due to Barnes' drug-related criminal activity, not for a violation of the notification requirement.

Accordingly, the judgment of the trial court is affirmed.

CRANE, P.J. and ROBERT G. DOWD, Jr., J., concur.